## McWILLIAM v. DAYTON.

(City Court of New York, General Term. April 27, 1899.)

**1. ACTION ON NOTE—PLEADING.**

    A complaint on a note alleged its execution by defendant on a stated day; that thereby he, for value received, promised to pay a stated sum to the order of a certain person; the payee's death, and the probate of his will, and a transfer of the note to plaintiff by the payee's executors, acting as such, and certain payments thereon by defendant, by reason of which limitations had not run. *Held* to state a cause of action.

**2. FRIVOLOUS DEMURRER—OVERRULING—OBJECTIONS—WAIVER.**

    Defendant cannot complain on appeal that the court, on a motion to overrule his demurrer as frivolous, overruled it on the merits, where he made no objection on the hearing, and did not move to correct the judgment.

**3. SAME—COSTS.**

    Where the court, without objection, treated a notice of motion to overrule a demurrer as frivolous as a notice of argument, and disposed of the demurrer on the merits, it cannot award costs for the motion, in addition to the costs of the trial.

Appeal from trial term.

Action by Robert McWilliam, as executor of the last will of John McWilliam, deceased, against Charles W. Dayton. There was an interlocutory judgment for plaintiff, on demurrer to the complaint, and defendant appeals. Modified.

Argued before McCARTHY, CONLAN, and O'DWYER, JJ.

Frederick J. Swift, for appellant.

William H. Shepard, for respondent.

O'DWYER, J. The defendant demurs upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges the making and delivery by the defendant of a promissory note on February 7, 1889, dated that day, whereby, for value received, he promised to pay to the order of John F. McWilliam, on demand, $5,000, with interest; the death of the payee; the probate of the last will and testament of the payee; the issuance of letters testamentary thereunder; and the transfer to plaintiff, before the commencement of the action, by such executors, while so acting; that no part of said note has been paid, except the sum of $2,500 on February 17, 1892, and the sum of $2,500 on June 15, 1895. These allegations clearly set forth a cause of action in the plaintiff upon a promissory note made by the defendant, for the balance due thereon, and it follows that the demurrer was properly overruled. It is further urged that the judgment is irregular, inasmuch as the plaintiff, by a notice of motion, moved to overrule the demurrer as frivolous, and for judgment thereon, and not for a trial of the issues of law created thereby. We are of opinion that this contention cannot be sustained. An examination of the record demonstrates that the issues of law created by the demurrer were, without objection from the defendant, tried and determined, the usual order and interlocutory judgment entered thereon, and no motion made to correct the same. The notice of motion was apparently treated as a notice of argument of the de-

murrer; and, as no objection was made by the defendant to that course, the decision of the court, as upon a trial of the issues of law, was within the power of the court. We find, however, that an error was committed in awarding $10 costs of motion, in addition to the costs of the trial, and for that error the judgment must be modified by deducting therefrom the $10 costs of motion, and, as so modified, affirmed, without costs. All concur.